MATTHEW F. KENNEDY (State Bar No. 199485)
mkennedy@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff, Richard K. Diamond,
as Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CENTURY CITY DOCTORS HOSPITAL, LLC,<br><br>      Debtor.<br>_____<br><br>RICHARD K. DIAMOND, as Chapter 7 Trustee,<br><br>      Plaintiff,<br><br>vs.<br><br>SMITH & NEPHEW CAPITAL, INC.,<br><br>      Defendant. | Case No. 2-08-bk-23318-SB<br><br>[Chapter 7]<br><br><br><br>Adv. No. 2:10-ap-02268-SB<br><br>**FIRST AMENDED COMPLAINT TO AVOID AND RECOVER VALUE OF PREFERENTIAL TRANSFERS AND FRAUDULENT TRANSFERS**<br><br>Date: September 28, 2010<br>Time: 9:30 a.m.<br>Place: Courtroom "1575"<br>    255 E. Temple St. |

Plaintiff alleges:

## JURISDICTION AND ADVERSARY PROCEEDING

  1. The above-captioned Bankruptcy Case for Century City Doctors Hospital, LLC, as Chapter 7 debtor (the "Debtor") was commenced on August 22, 2008 (the "Petition Date"), when the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

  2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

-1-

3. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

4. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

## THE PARTIES

5. Plaintiff is Richard K. Diamond, as the Chapter 7 Trustee serving in the Bankruptcy Case ("Plaintiff" or Trustee").

6. Plaintiff brings this action solely in his capacity as Chapter 7 trustee for the Debtor's Bankruptcy Estate.

7. Plaintiff is informed and believes and, based thereon, alleges that Defendant Smith & Nephew Capital, Inc. (the "Defendant") is, and at all times relevant herein was, a corporation doing business in the State of California.

## GENERAL ALLEGATIONS

8. Section 101(54) of the Bankruptcy Code applicable to this adversary proceeding defines the term "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

9. Plaintiff is informed and believes and, based thereon, alleges, that during the four years immediately prior to the Petition Date the Debtor made transfers of funds to the Defendant in an aggregate amount exceeding $233,879.26 (jointly and severally, the "Subject Transfers").

## FIRST CLAIM FOR RELIEF

(To Avoid and Recover Preferential Transfers)

(11 U.S.C. §§ 547 and 550)

10. Plaintiff incorporates, by this reference, the allegations in Paragraphs 1 through 9, inclusive, of this Complaint.

11. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made on or within 90 days prior to the Petition Date (jointly and severally, the "Subject Transfers") including but not limited to, the transfers identified in Exhibit "1" attached hereto and incorporated herein by this reference, constitutes a transfer or transfers to the Defendant of an interest of the Debtor in property.

-2-

12. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made to or for the benefit of the Defendant as a creditor of the Debtor.

13. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made for or on account of an antecedent debt owing by the Debtor to the Defendant before such Subject Transfers was made.

14. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made each of the Subject Transfers while the Debtor was insolvent.

15. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made on or within 90 days prior to the Petition Date.

16. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers enabled the Defendant to receive more than the Defendant would receive if the Subject Transfers had not been made and the Defendant received payment on its claim to the extent provided by Chapter 7 of the Bankruptcy Code.

17. Pursuant to Section 547(b) of the Bankruptcy Code, Plaintiff may avoid the Subject Transfers.

18. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the value of the property which was the subject of the Subject Transfers to the Defendant, plus interest thereon at the maximum legal rate from and after the date of each of the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $233,879.26.

## SECOND CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

19. Plaintiff refers to and incorporates herein, by this reference, each and every allegation contained in Paragraphs 1 through 9, inclusive, of this Complaint as though fully set forth herein.

20. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Subject Transfers to the Defendant with the actual intent to hinder, delay, or defraud one or more of the Debtor's creditors.

-3-

357647.1 [XP]    0823318A

21. Pursuant to 11 U.S.C. §§ 544, 548, 550, California Civil Code §§ 3439.04(a) and 3439.07, and/or other applicable law, Plaintiff is entitled to avoid and recover the value of the Subject Transfers from the Defendant.

22. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from the Defendant the value of property transferred by the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $233,879.26, plus interest thereon as allowed by law.

### THIRD CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

23. Plaintiff refers to and incorporates herein, by this reference, each and every allegation contained in Paragraphs 1 through 9, inclusive, of this Complaint as though fully set forth herein.

24. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Subject Transfers to the Defendant without receiving reasonably equivalent value in exchange for the Subject Transfers.

25. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers occurred at times when the Debtor was insolvent or the Debtor became insolvent as a result of the Subject Transfers.

26. Pursuant to 11 U.S.C. §§ 544, 548, 550, California Civil Code §§ 3439.05 and 3439.07, and/or other applicable laws, Plaintiff is entitled to avoid the Subject Transfers and recover the value of the Subject Transfers from the Defendant.

27. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from the Defendant the value of the property transferred by the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $233,879.26, plus interest thereon as allowed by law.

### FOURTH CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

28. Plaintiff refers to and incorporates herein, by this reference each and every allegation contained in Paragraphs 1 through 9, inclusive, and Paragraphs 23 through 27, inclusive, of this Complaint, as though fully set forth herein.

357647.1 [XP]    0823318A

29. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers occurred at times when the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

30. Pursuant to 11 U.S.C. §§ 544, 548, 550, California Civil Code §§ 3439.04(a) and 3439.07, and/or other applicable law, Plaintiff is entitled to avoid and recover the value of the Subject Transfers from the Defendant.

31. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from the Defendant the value of the property transferred by the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $233,879.26, plus interest thereon as allowed by law.

## FIFTH CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

32. Plaintiff refers to and incorporates herein, by this reference, each and every allegation contained in Paragraphs 1 through 9, inclusive, and Paragraphs 23 through 31, inclusive, of this Complaint, as though fully set forth herein.

33. Plaintiff is informed and believes and, based thereon, alleges that at the time of the Subject Transfers the Debtor intended to incur, or believed or reasonably should have believed, that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

34. Pursuant to 11 U.S.C. §§ 544, 548, 550, California Civil Code §§ 3439.04(a) and 3439.07, and/or other applicable law, Plaintiff is entitled to avoid the Subject Transfers and recover the value of the Subject Transfers from the Defendant.

35. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from the Defendant the value of the property transferred by the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $233,879.26, plus interest thereon as allowed by law.

///
///
///
///

357647.1 [XP]      0823318A

WHEREFORE, the Trustee prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. For judgment in favor of the Plaintiff and against the Defendant avoiding the Subject Transfers and awarding the Plaintiff the sum, according to proof at trial, of not less than $233,879.26;

2. For an award of interest at the legal rate on all damages and sums awarded to Plaintiff from the date of the respective Subject Transfers.

**ON THE SECOND THROUGH FIFTH CLAIMS FOR RELIEF AND EACH OF THEM:**

1. For judgment in favor of the Plaintiff and against the Defendant avoiding the Subject Transfers and awarding the Plaintiff the sum, according to proof at trial, of not less than $233,879.26;

2. For an award of interest at the legal rate on all damages and sums awarded to Plaintiff from the date of the respective Subject Transfers.

**ON EACH AND ALL CLAIMS FOR RELIEF:**

1. For costs of suit incurred; and,

2. For such other and further relief as the Court deems just and proper.

Dated: August 12, 2010              DANNING, GILL, DIAMOND & KOLLITZ, LLP

By:     /s/ Matthew F. Kennedy
        Matthew F. Kennedy
        Attorneys for Plaintiff Richard K. Diamond, as
        Chapter 7 Trustee

357647.1 [XP]    0823318A

# EXHIBIT "1"

## Century City Doctor's Hospital

| Payee | Reference Number | Issue Date | Clear Date | Preference Amount |
|---|---|---|---|---|
| Smith & Nephew Capital | wire | 06/02/08 | 06/02/08 | 26,422.00 |
| 160 Dascomb Road | wire | 06/16/08 | 06/16/08 | 6,033.24 |
| Andover, MA 01810 | wire | 06/26/08 | 06/26/08 | 10,000.00 |
| | wire | 07/02/08 | 07/02/08 | 50,000.00 |
| | wire | 07/17/08 | 07/17/08 | 75,000.00 |
| | wire | 07/17/08 | 07/17/08 | 10,000.00 |
| | wire | 07/31/08 | 07/31/08 | 56,424.02 |
| | TOTAL | | | 233,879.26 |

EXHIBIT 1 

| In re:<br>CENTURY CITY DOCTORS HOSPITAL, LLC; RICHARD K. DIAMOND v.<br>SMITH & NEPHEW CAPITAL, INC.<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2-08-bk-23318-SB<br>ADV. NO: 2:10-ap-02268-SB |
|---|---|

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904.

A true and correct copy of the foregoing document described as **FIRST AMENDED COMPLAINT TO AVOID AND RECOVER VALUE OF PREFERENTIAL TRANSFERS AND FRAUDULENT TRANSFERS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 12, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):** On **August 12, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 12, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Service:**
Hon. Samuel L. Bufford, United States Bankruptcy Court, Roybal Federal Bldg., 255 E. Temple St., Los Angeles, CA 90012-3332 - Bin outside Suite 1575
Richard K. Diamond, 2029 Century Park East, Third Floor, Los Angeles, CA 90067

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/12/2010 | Vivian Servin | [signature] |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                 **F 9013-3.1**
357647.1 [XP]    0823318A

| In re:<br>CENTURY CITY DOCTORS HOSPITAL, LLC; RICHARD K. DIAMOND v. SMITH & NEPHEW CAPITAL, INC.<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2-08-bk-23318-SB<br>ADV. NO: 2:10-ap-02268-SB |
|---|---|

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")

Matthew F Kennedy, mkennedy@dgdk.com
Howard Kollitz, HKollitz@DGDK.Com
Steven J Schwartz, sschwartz@dgdk.com
United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL

### Via U.S. Mail:
Smith & Nephew Capital, Inc., 160 Dascomb Road, Andover, MA 01810
Smith & Nephew Capital, Inc., c/o First Premier Capital, LLC, 5201 Eden Ave, #180, Edina, MN 55436
George A. Singer, Lindquist & Vennum LLP, 80 S. 8th Street, Minneapolis, MN 55402

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
357647.1 [XP]   0823318A

F 9013-3.1